986 F.2d 1426
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 ALBERT T. SMITH COMPANY, a Utah corporation, Plaintiff-Appellee,
v.
ALBERTSONS, INC., a Delaware corporation, Defendant-Appellant.
 No. 91-4063.
 United States Court of Appeals, Tenth Circuit.
 Feb. 3, 1993.
 
 Before SEYMOUR, SETH and ALDISERT,* Circuit Judges.
 ORDER AND JUDGMENT**
 SEYMOUR, Circuit Judge.
 
 
 1
 Albert T. Smith Company (Smith) brought this suit under 28 U.S.C. § 1332 (diversity jurisdiction) against Albertsons alleging breach of a lease agreement. Smith contends that Albertsons breached the lease agreement by converting the premises from a supermarket to a canned food store. The district court found Albertsons' actions to be in breach of the lease and awarded damages to Smith. Albertsons appeals, and we reverse.
 
 I.
 
 2
 In 1962, Smith and Albertsons entered into a lease agreement for real property near Salt Lake City, Utah and a building to be constructed on the property. Albertsons agreed to pay a minimum rent and additional rent equal to a percentage of gross retail sales if that amount exceeded the minimum rent. Article One of the lease states that the landlord (Smith) leases to the tenant (Albertsons) a "supermarket food store." Appellant's Br., Doc. 4. Article Two lists improvements and building specifications to be made by "Tenant to provide a building of the same type and quality as the Albertson Food Center located in Bountiful, Utah." Id. Article 3(a) contains a non-competition clause: "The landlord promises, covenants and agrees that tenant's building shall be the only food market in the entire shopping center." Id. Article Four is titled "Tenant's Use" and states "[t]he Tenant may use the demised premises for any retail purpose permitted by law including but not limited to a supermarket ..." Id. Finally, Article Fourteen allows Albertsons to sublet the premises or assign the lease. However, Albertsons remained liable for the performance of the terms and conditions of the lease. Id.
 
 
 3
 In 1983, Albertsons changed the store from a supermarket to a "canned food store."[1] Smith brought suit alleging that Albertsons breached the lease by the change in use. The district court found that the lease was ambiguous as to whether use was restricted to a supermarket. The court admitted extrinsic evidence to determine the parties' intent and found that the lease did restrict use to a supermarket. The court ordered damages based on projected additional rent that would have been due if Albertsons had not converted the premises. The court reduced this amount by 50% to account for market factors not attributable to Albertsons. Further, the court ordered damages for the cost to restore the leased premises to a supermarket and for attorney's fees and costs.
 
 
 4
 Relying on the any lawful use provision of Article Four, Albertsons argues that the district court erred in finding the lease to be ambiguous and in admitting extrinsic evidence. Albertsons also argues that the district court erred in awarding damages beyond those set forth in the contract. Smith argues that the district court's interpretation of the lease and findings as to the intent of the parties are correct. Further, Smith contends the damage award was well within the district court's discretion.
 
 II.
 
 5
 The interpretation of a contract is a question of law, Buehener Block Co. v. UWC Associates, 752 P.2d 892, 895 (Utah 1988) and thus, we review de novo the district court's determination that the lease is ambiguous, Teton Exploration Drilling, Inc. v. Bokum Resources Corp., 818 F.2d 1521, 1526 (10th Cir.1987). Under Utah law, we interpret the lease in order to give full effect to all of its provisions. Buehener Block, 752 P.2d at 895. We must try to interpret the contract "so as to harmonize all of its provisions and all of its terms." Id. Further, Utah law favors unrestricted use of property.
 
 
 6
 A lessee is entitled to use the premises for any lawful or valid purpose without interference on the part of the landlord, so long as the use is not forbidden by express provisions of the lease or by some necessarily implied construction thereof, and does not amount to waste or destruction of the property.
 
 
 7
 Zeese v. Estate of Siegel, 534 P.2d 85, 89 (Utah 1975).
 
 
 8
 The lease is on Albertsons preprinted, boiler plate form. Both the non-competition clause in Article Three (a) and the any-lawful-use clause from Article Four are preprinted provisions on that form. These two provisions are not in direct conflict. See Monmouth Real Estate Inv. Trust v. Manville Foodland, Inc., 482 A.2d 186 (N.J.Super.Ct.App.Div.1984), cert. denied, 491 A.2d 722 (N.J.1985) (holding a lease with a non-competition clause and an any-lawful-use provision to allow unrestricted use). There is nothing conflicting about a party in the economically superior position requiring assurances that there will be no competition and an allowance for premises as some other use. We therefore reverse the district court and hold the lease to be unambiguous, allowing unrestricted use of the premises.
 
 
 9
 Even if we did agree with the district court that the lease is ambiguous, the record reflects that the parties intended the lease to permit unrestricted use. The intention of the parties is a factual determination which we review under the clearly erroneous standard. Teton Exploration Drilling, Inc. v. Bokum Resources Corp., 818 F.2d 1521, 1526 (10th Cir.1987). We reverse only if we are "left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985); see also Hirschfeld v. New Mexico Corrections Dept., 916 F.2d 572, 580 (10th Cir.1990).
 
 
 10
 It is clear from the record that the any-lawful-use provision was the subject of negotiations. On cross-examination, Mr. Smith testified that he told Albertsons " 'I can't live with the use provision as it is drafted on your preprinted form." Appellant's App. at 154. When asked if "the use provision in the proposed lease allowed Albertsons to use that building in any way they wanted," Mr. Smith responded "yes." Id. at 153. Moreover, Mr. Smith testified that "we had considerable discussions on [the issue of the use provision], and we were repeatedly told by Albertsons that it was take it or leave it. 'Do you want us there, or do you want to take the lease as it is?' " Id. at 155. Thus, it is apparent that Mr. Smith was aware that the use provision gave Albertsons permissive use of the premises and that Albertsons refused to alter that part of the lease. Mr. Smith's view of the lease as restrictive is premised upon "a distinctive feeling or assurance that Albertsons had not, to this time, and in the foreseeable future possibly would not exercise the terms of [the sue provision]." Id. at 157. Based on the above testimony, we believe the district court erred in its findings. The parties intention was to allow a permissive use of the property as set forth in the Article Four any-lawful-use provision. Therefore, Albertsons may use the premises for any lawful retail purpose and the use of the premises as a canned food store is not a breach of the lease.
 
 
 11
 The judgment of the district court is REVERSED.
 
 
 
 *
 The Honorable Ruggero J. Aldisert, Senior United States Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 A canned foods store is similar to a supermarket except the canned foods store has "no fresh meat department, minimal frozen meat and produce departments and no bakery." Appellant's Br. at 5